**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | Case No.: 2:15-cr-00091-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| PAUL SCOTT NELSON, ) | |
| ) | |
| Petitioner/Defendant. ) | |

Pending before the Court is Petitioner Paul Scott Nelson's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 112). The Government filed a Response, (ECF No. 114), and Petitioner did not file a reply. For the reasons discussed below, Petitioner's 2255 Motion is **DENIED**.

**I.     BACKGROUND**

Petitioner, on three occasions ranging from December of 2014 to February of 2015, illegally sold firearms to undercover law enforcement officers. (*See* Plea Agreement 4:2–18, ECF No. 76). The Government charged Petitioner with three counts of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Indictment, ECF No. 1). Prior to the Indictment, Petitioner had been convicted of six felonies under Nevada law, three of which—aggravated stalking, battery with a deadly weapon, and assault with a deadly weapon—qualify as "violent felonies" under the Armed Career Criminal Act ("ACCA"). (*See* Resp. 2255 Mot. 1:18–2:11, ECF No. 114) (*see also* Transcript of Change of Plea, 9:12–10:8, ECF No. 106). Ultimately, on September 19, 2017, Petitioner pleaded guilty to two counts of Felon in Possession of a Firearm and did not receive a sentencing enhancement under the ACCA. (Plea Agreement, 4:2–18, 7:4–7).

Petitioner filed the instant 2255 Motion on March 28, 2019. (*See* 2255 Mot., ECF No. 112). Petitioner alleges that his sentence should be vacated, set aside, or corrected because of four instances of ineffective assistance of counsel. (*Id.*). Petitioner argues his counsel was ineffective because: (1) Petitioner should have received an additional 156 days of credit for time served; (2) Petitioner would have received a one-point reduction to his offense level for entering a timely plea had counsel not misled him regarding whether he qualified for an ACCA enhancement; (3) counsel failed to adequately review the Pre-Sentence Report ("PSR") with Petitioner prior to sentencing; and (4) counsel failed to present the Court with Petitioner's complete medical and mental health records for consideration in his sentencing. (*Id.* ¶ 17).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

Motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). "No evidentiary hearing is necessary when the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989).

## III. DISCUSSION

Each of Petitioner's arguments for 2255 relief allege ineffective assistance of counsel. (*See* 2255 Mot., ECF No. 112). To establish ineffective assistance of counsel, a petitioner must first show that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington,* 466 U.S. 668, 687 (1984) (citations omitted). Second, a petitioner must also show that he was prejudiced by that performance. *See id.* at 692. Under this standard, the question is whether "counsel's representation fell below an objective standard of reasonableness," and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended) (citations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Court's below discussion addresses each of Petitioner's asserted grounds for relief in turn.

### a. Insufficient Credit for Time Served

Petitioner was sentenced to 180 months imprisonment and received credit for 36 months of time served, but he argues that he should have received an additional 156 days of credit for work and programming that he completed while in federal detention. (2255 Mot. at 5). Petitioner's argument is both contradicted by the record and fails to establish ineffective assistance of counsel. Petitioner was in state custody prior to his sentencing. (*See* Indictment,

ECF No. 1). Therefore, by operation of law, he would not receive credit for time served absent an agreement with the Government. *See* 18 U.S.C. § 3585.

Even if Petitioner were factually correct, he has failed to show ineffective assistance. Petitioner's counsel successfully negotiated for a 36-month reduction of Petitioner's sentence for the time served in state custody before Petitioner's initial appearance in this case. (*See* Plea Agreement 8:8–12, ECF No. 76) (*see also* 2255 Resp. 2:18–3:3). Had counsel not successfully negotiated that aspect of the plea agreement, Petitioner would have been incarcerated for an additional three years, which is far longer than the time he alleges should have been subtracted from his sentence. Accordingly, Petitioner cannot establish facts indicating the he should have received an additional 156 days for time served, and, even if he could, Petitioner cannot establish he was prejudiced by the conduct of his counsel.

### b. Untimely Plea

Petitioner alleges that his counsel misled him into believing that he may not qualify for a sentencing enhancement under the ACCA, thereby delaying his guilty plea. (2255 Mot. at 6). He alleges that the delay resulted in him not receiving a one-point offense level reduction for a timely guilty plea. (*Id.*). The allegation does not support a finding of ineffective assistance. A reduction for timely guilty plea may be sought by the Government in its discretion upon motion. U.S.S.G. § 3E1.1(b) n.6. Therefore, Petitioner cannot establish that, even if he had pleaded sooner, the Government would have sought the reduction. Even if Petitioner would have received a reduction, his total offense level would have been reduced from 30 to 29. (*See* Resp. to 2255 Mot. 9:15–18); (*see also* Transcript of Sentencing 7:3–9, ECF No. 107). For a total offense level of 29, the Sentencing Guidelines recommend a sentencing range of 125 to 152 months imprisonment. *See* U.S.S.G. § 5. Petitioner's net sentence of 144 months is therefore within the guideline range for a total offense level of 29. Accordingly, even if

Petitioner would have been eligible for a one-point reduction but-for his counsel's conduct, he has not shown that he has been prejudiced.

### c. Inadequate PSR Review

Petitioner's alleges ineffective assistance because his counsel did not spend adequate time with him reviewing the PSR. (2255 Mot. 6–7). The record contradicts Petitioner's claim. At his sentencing, Petitioner represented to the Court that he had reviewed the PSR with counsel and understood it. (Sentencing Transcript 5:18–6:11). Even if Petitioner's counsel did not adequately review the PSR with Petitioner, Petitioner has not shown how he has been prejudiced because he does not argue that further review would have affected the outcome of his case.

### d. Presentation of Incomplete Records

Petitioner argues that counsel failed to present complete mental and physical health records to the Court prior to sentencing. (2255 Mot. at 7–8). Specifically, he alleges that by neglecting to have Petitioner undergo an MRI, counsel negatively affected the extent of his ability to present mitigating circumstances at sentencing. (*Id.*). However, Petitioner's counsel presented substantial evidence of Petitioner's history of trauma to the Court, which the Court reviewed and considered. (*See* Sentencing Memorandum, ECF No. 82); (Mot. for Downward Departure, ECF No. 83). Therefore, counsel acted reasonably. Even if counsel could have provided more evidence to the Court, Petitioner fails to establish prejudice because he cannot identify how more evidence would have changed the outcome of his sentencing.

### e. Certificate of Appealability

Additionally, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore **DENIES** Petitioner a certificate of appealability.

**IV. <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 112), is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a Certificate of Appealability.

**DATED** this __23__ day of December, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court